UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT VICKERY,

       Plaintiff,                        Case No. 07-13419

vs.                                         George Caram Steeh
                                            United States District Judge

PATRICIA CARUSO, et al.,

                                            Michael Hluchaniuk
       Defendants.               United States Magistrate Judge
_____/

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT, PLAINTIFF'S MOTION FOR
DISCOVERY, AND DEFENDANT'S MOTION TO STAY DISCOVERY**

**I.    PROCEDURAL HISTORY**

Plaintiff, Robert Vickery, a prisoner in the custody of the State of Michigan, filed this lawsuit on August 16, 2007. (Dkt. 1). In that complaint, plaintiff seeks damages against Correctional Medical Services (CMS), two CMS physicians (Dr. Ann Burton and Dr. Jan Goldberger), and two employees (CTO Allwood and Director Patricia Caruso) of the Michigan Department of Corrections (MDOC), based on allegations that he was denied certain rights under the United States Constitution.

1

Defendants CMS and Dr. Burton filed a Motion to Dismiss on November 6, 2007, to exhaust his administrative remedies against both CMS and Dr. Burton. (Dkt. 16). The undersigned issued a Report and Recommendation on April 25, 2008, recommending that the District Court deny defendant Burton's motion to dismiss and allow plaintiff the opportunity to seek leave to amend his complaint to add Dr. Hutchinson (the director of CMS) and to amend his claim against CMS. (Dkt. 37). Defendants objected to the Report and Recommendation and the District Court adopted it in part, dismissing Dr. Burton with prejudice, and permitting plaintiff the opportunity to amend his complaint as follows:

> The interests of justice would best be served by dismissing CMS from this lawsuit without prejudice, allowing Vickery to seek leave in the future to file an amended claim against CMS. Consistent with Rule 15(a), Vickery is also free to seek leave to add Dr. Hutchinson to this lawsuit as a party-defendant without further order of the court. Accordingly, CMS will simply be dismissed from this lawsuit without prejudice.

(Dkt. 44).

Plaintiff filed a motion for leave to amend his complaint after the Report and Recommendation was filed, but before Judge Steeh's Order issued. (Dkt. 39). The undersigned ordered defendants to respond to plaintiff's motion to amend (Dkt. 45), which defendant Caruso and defendant CMS did on July 29, 2008. (Dkt. 48,

51). Defendant Caruso suggested that the Court require plaintiff to submit a proposed amended complaint so that she could more fully respond to the motion for leave to amend. (Dkt. 48). Defendant CMS asserted that any amendment against CMS would be futile and speculative, given that plaintiff has no factual basis to assert a claim pertaining to any policy or practice of CMS that caused a violation of his rights, as illustrated by plaintiff's motion for discovery on this very issue. (Dkt. 51). On July 28, 2008, apparently in connection with his motion for leave to amend, plaintiff also brought a motion for discovery, requesting that the Court permit him to conduct discovery on CMS to uncover any policies, directives and procedures relating to the denial of treatment prescribed by plaintiff's physician. (Dkt. 46). In response, defendant CMS filed a motion to stay discovery, arguing that, until an amended complaint is accepted by this Court, there are no claims pending against CMS and plaintiff's motion for discovery (and the requests served on CMS) are inappropriate. (Dkt. 50, p. 10).

Based on the submissions of the parties, the Court concludes that: (1) plaintiff must submit a proposed amended complaint within 30 days of entry of this Order; (2) defendants have 21 days to file any objections to the proposed amended complaint; (3) plaintiff's motion for discovery is denied; and (4) defendants' motion to stay discovery as to CMS is granted until further order of this Court.

## II. DISCUSSION

### A. Motion for Leave to Amend Complaint

The Court is not deciding, at this time, whether plaintiff may amend his complaint.[1] Rather, the Court leaves that determination until such time as plaintiff has submitted his proposed amended complaint. At that time, the Court will consider the arguments raised by defendants and any additional arguments the defendants wish to submit after reviewing plaintiff's submission. The Court takes this opportunity, however, to caution plaintiff that his proposed amended complaint must comply with certain federal rules of civil procedure:

1. The complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must ... reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

2. The proposed amended complaint must also comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the

---

[1] Courts are liberal in allowing parties to amend complaints, "which reinforces one of the basic policies of the federal rules – that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1473, at 521 (2d ed. 1990).

4

... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also, League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

  3. Finally, plaintiff must be mindful that Rule 11 applies to his proposed amended complaint and failure to heed the federal rules of civil procedure could result in sanctions, including dismissal of his complaint. In filing his proposed amended complaint, plaintiff will be representing to the court that, to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) [the proposed amended complaint] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims ... and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if

> specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

*See e.g., Jackson v. Hanson*, 1991 WL 3056, *1 (7th Cir. 1991) ("Prisoners proceeding IFP are not immune from Rule 11."); *Knudson v. Wachovia Bank*, 513 F.Supp.2d 1255, 1258 (M.D. Ala. 2007) (Plaintiff who failed to properly allege include a notice allegation was permitted to amend complaint, but cautioned to be mindful of Rule 11.).

### B. Discovery Motions

As set forth above, plaintiff has attempt to obtain discovery from CMS and filed a motion with this Court for permission to do so. CMS objects, given that they are not actually a party unless and until this Court accepts an amended complaint from plaintiff that states a proper claim against it. The Court agrees with CMS and grants its motion to stay discovery. *See e.g., Ross v. Duggan*, 113 Fed.Appx. 33 (6th Cir. 2004) (If the plaintiff possessed information sufficient to state a claim, he should have referenced it in his amended complaint; and if the plaintiff "did not possess such information ... any discovery on the subject would have constituted an unjustified fishing expedition."); *Ziegler v. Findlay Industries, Inc.*, 380 F.Supp.2d 909 (N.D. Ohio 2005) (The court permitted plaintiff to amend his complaint to set forth facts "of which Plaintiff is presently aware" but denied

discovery for the purpose of plaintiff's amended complaint because it would not "sanction a fishing expedition.").

For the foregoing reasons, plaintiff must submit a proposed amended complaint consistent with this Order within 21 days, plaintiff's motion for discovery is **DENIED**, and defendant CMS's motion to stay discovery is **GRANTED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: August 28, 2008                          s/Michael Hluchaniuk
                                                         Michael Hluchaniuk
                                                         United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 28, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, Kimberly A. Koester, and Mark V. Schoen, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Robert Vickery, # 324695, Deerfield Correctional Facility, 1755 Harwood Road, Ionia, MI 48846.

                                                  s/James P. Peltier
                                                  Courtroom Deputy Clerk
                                                  U.S. District Court
                                                  600 Church Street
                                                  Flint, MI 48502
                                                  (810) 341-7850
                                                  pete_peltier@mied.uscourts.gov