UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT VICKERY,

        Plaintiff,

vs.

PATRICIA CARUSO, *et al.*,

        Defendants.

_____/

Case No. 07-13419

George Caram Steeh
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER DENYING PLAINTIFF'S MOTIONS
TO APPOINT COUNSEL (Dkt. 34, 54)**

This matter is before the Court on plaintiff's motions to appoint counsel. (Dkt. 34, 54). Plaintiff, Robert Vickery, a prisoner in the custody of the State of Michigan brings this action under 42 U.S.C. § 1983, claiming violations of his constitutional rights. On August 24, 2007, an order was entered referring this case to Magistrate Judge Mona K. Majzoub for all pretrial matters. (Dkt. 6). On January 14, 2008, this matter was reassigned from Magistrate Judge Majzoub to the undersigned. (Dkt. 30).

In support of his requests for counsel, plaintiff states that this case involves several different legal claims, with each claim involving a different set of defendants, along with the need for expert medical testimony. (Dkt. 34). Plaintiff

1

also states that he only has a high school education and has no legal experience or knowledge. *Id.* Plaintiff also claims to suffer from severe migraine headaches and memory lapses. *Id.* In his second motion to appoint counsel, plaintiff claims that he has been diagnosed with post-concussion syndrome and is waiting for the results of an MRI to submit to the Court in support of his motion. (Dkt. 54). Plaintiff again emphasizes the complex medical issues in this case and the need for expert testimony. *Id.*

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell,* 975 F.2d 261 (6th Cir. 1992). Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. To make the determination about whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer,* 975 F.2d at 261; *Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1995). While plaintiff indicates that he does not feel adequately trained in legal issues to handle this case, it appears that, from reading

the complaint and subsequent pleadings that he has filed, plaintiff does have an adequate understanding of the matters involved in this case, and is able to articulate his claims and arguments in a reasonable fashion. It also appears that the issues raised in his complaint are straightforward and understandable and not of an unduly complex nature. Moreover, while plaintiff's initial complaint survived a motion to dismiss, in part, no dispositive motions on the substantive issues presented in this matter, or on the amended complaint, have yet been filed or decided. Should any future dispositive motion(s) on the substantive issues in this matter be decided in plaintiff's favor, plaintiff may re-file his motion for the appointment of counsel.

For the foregoing reasons, plaintiff's motions for the appointment of counsel are hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to

which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Date: October 2, 2008               s/Michael Hluchaniuk
                                    Michael Hluchaniuk
                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, Kimberly A. Koester, and Mark V. Schoen, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Robert Vickery, # 324695, SAGINAW CORRECTIONAL FACILITY, 9625 Pierce Road, Freeland, MI 48623.

                                    s/James P. Peltier
                                    Courtroom Deputy Clerk
                                    U.S. District Court
                                    600 Church Street
                                    Flint, MI 48502
                                    (810) 341-7850
                                    pete_peltier@mied.uscourts.gov