UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT VICKERY,

    Plaintiff,

                                                  Case No. 07-CV-13419
vs.                                               HON. GEORGE CARAM STEEH

PATRICIA CARUSO, et al.,

    Defendants.

_____/

## ORDER OVERRULING OBJECTIONS (#67) TO ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (#62)

Plaintiff Robert Vickery, a state prisoner appearing pro per, filed a motion for leave to file an amended complaint on May 12, 2008. The motion was referred to Magistrate Judge Michael Hluchaniuk. On October 2, 2008, Magistrate Judge Hluchaniuk issued an Order granting in part Vickery's motion for leave to file an amended complaint with respect to Correctional Medical Services ("CMS") and CMS Director Dr. Craig Hutchinson. CMS and Dr. Hutchinson filed timely objections on October 22, 2008. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the objections be resolved without oral argument.

The circumstances underlying this lawsuit are set forth in the court's prior July 14, 2008 Order. Vickery alleges Eighth Amendment claims of deliberate indifference to his medical needs following a December 1, 2006 motor vehicle accident. Vickery's claims as alleged against CMS were dismissed without prejudice on July 14, 2008, allowing Vickery an opportunity to amend his claims against CMS if Vickery uncovered facts to support a claim that a CMS policy was a driving force behind his claims. July 14, 2008 Order, at 7. Vickery was also granted an opportunity to amend his complaint to add Dr. Hutchinson as

a party-defendant consistent with Vickery's allegation that Dr. Hutchinson twice denied physician's requests to schedule Vickery for an MRI examination. Id. at 7-8. Magistrate Judge Hluchaniuk granted Vickery's motion for leave to file amended claims against CMS and Dr. Hutchinson.

CMS and Dr. Hutchinson object that the Magistrate Judge erred because Vickery's new claims do not allege a requisite CMS policy, custom, or practice that violated his Eighth Amendment rights. CMS and Dr. Hutchinson argue Vickery's reliance on other lawsuits as proof of an actionable policy, custom, or practice constitutes hearsay. CMS and Dr. Hutchinson assert the Magistrate Judge misapplied Grose v. Caruso, 284 Fed. App'x. 279 (6th Cir. July 1, 2008) in finding that Vickery has alleged actionable Eighth Amendment claims. CMS and Dr. Hutchinson further argue that, to the extent Vickery is alleging CMS acted pursuant to a policy to save money, such a claim fails as a matter of law, citing Higgins v. Correctional Medical Services of Illinois, Inc., 178 F.3d 508 (7th Cir. 1999). With respect to Dr. Hutchinson, defendants argue Vickery has failed to allege that Dr. Hutchinson implicitly authorized, approved, or knowingly acquiesced in the unlawful conduct.

A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the orders found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).

Leave to amend a complaint is to be freely granted when justice so requires. See Fed. R. Civ. P. 15(a). Whether to grant leave to amend is left to the sound discretion

of the district court. Robinson v. Michigan Consol. Gas Co., Inc., 918 F.2d 579, 591 (6th Cir. 1990). Leave to amend should be denied if the amended claim would not survive a motion to dismiss. Foman v. Davis, 371 U.S. 178, 182 (1962). To survive a Rule 12(b)(6) motion to dismiss, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)). The court must construe the claim in a light most favorable to the plaintiff, accept the factual allegations as true, and determine whether the plaintiff's factual allegations present plausible claims. Twombly, 127 S. Ct. at 1965.

The Magistrate Judge did not abuse his discretion in granting Vickers' motion to amend his complaint as to CMS and Dr. Hutchinson. As pointed out by the Magistrate Judge, Federal Rule of Civil Procedure 8(a) only required Vickers to allege a short plain statement showing he is entitled to relief under the Eighth Amendment. Those factual allegations are presumed to be true, and must allege only plausible Eighth Amendment claims. Twombly, 127 S. Ct. at 1965. CMS's and Dr. Hutchinson's objections premised on hearsay evidence are misplaced, as is their reliance on Higgins, a Seventh Circuit case that affirmed the trial court's grant of summary judgment based on the totality of the circumstances as established by the record evidence. Higgins, 178 F.3d at 513. To survive a motion to dismiss, Vickers' is not required to allege and present evidence that would survive a motion for summary judgment. The Magistrate Judge could properly rely upon Grose and its recognition that Eighth Amendment claims that are potentially based on more than just respondeat superior liability may survive a motion to dismiss under Rule 12(b)(6) where the basic pleading requirements are met, and the plaintiff has not had an

opportunity for discovery. Grose, 284 Fed. App'x. at 279. Construed the pro se complaint in a light most favorable to Vickers, as did the Magistrate Judge, the proposed Amended Complaint alleges more than respondeat superior liability against CMS and Dr. Hutchinson; Vickers alleges plausible claims that Dr. Hutchinson twice denied approval for MRI examinations pursuant to a CMS pattern or practice of decreasing costly off-site referrals with deliberate indifference to otherwise serious medical needs. Contrary to objection, Vickers does allege that Dr. Hutchinson authorized, approved, or knowingly acquiesced in the alleged denial of two MRI referrals with deliberate indifference towards Vickers need for the procedure. Whether Vickers can ultimately prove these allegations with admissible evidence remains to be developed.

The court is not left with a definite and firm conviction that Magistrate Judge Hluchaniuk abused his discretion. The ruling is not contrary to law. Accordingly,

CMS's and Dr. Hutchinson's objections are hereby OVERRULED. SO ORDERED.

Dated: December 12, 2008

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 12, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---