UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT VICKERY,

        Plaintiff,

vs.

PATRICIA CARUSO, *et al.*,

        Defendants.

_____/

Case No. 07-13419

George Caram Steeh
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**DEFENDANT CARUSO'S MOTION TO DISMISS (Dkt. 49)**

**I.   PROCEDURAL HISTORY**

Plaintiff, Robert Vickery, a prisoner in the custody of the State of Michigan, filed this lawsuit on August 16, 2007. (Dkt. 1). In that complaint, plaintiff seeks damages against Correctional Medical Services (CMS), two CMS physicians (Dr. Ann Burton and Dr. Jan Goldberger), and two employees (CTO Allwood and Director Patricia Caruso) of the Michigan Department of Corrections (MDOC), based on allegations that he was denied certain rights under the constitution.

Defendants CMS and Dr. Burton filed a motion to dismiss on November 6, 2007, claiming that plaintiff failed to exhaust his administrative remedies against both CMS and Dr. Burton. (Dkt. 16). The undersigned issued a Report and

Recommendation on April 25, 2008, recommending that the District Court deny defendant Burton's motion to dismiss and allow plaintiff the opportunity to seek leave to amend his complaint to add Dr. Hutchinson (the director of CMS) and to amend his claim against CMS.  (Dkt. 37).  Defendants objected to the Report and Recommendation and the District Court adopted it in part, dismissing Dr. Burton with prejudice, and permitting plaintiff the opportunity to amend his complaint. (Dkt. 44).

Plaintiff filed a motion for leave to amend his complaint after the Report and Recommendation was filed, but before Judge Steeh's Order issued.  (Dkt. 39). The undersigned ordered defendants to respond to plaintiff's motion to amend (Dkt. 45), which defendant Caruso and defendant CMS did on July 29, 2008. (Dkt. 48, 51).  Defendant Caruso suggested that the Court require plaintiff to submit a proposed amended complaint so that she could more fully respond to the motion for leave to amend.  (Dkt. 48).  On July 29, 2008, defendant Caruso also filed a motion to dismiss plaintiff's complaint based on state law immunity, Eleventh Amendment immunity, and qualified immunity.  (Dkt. 49).

On August 28, 2008, the Court issued an order deferring ruling on plaintiff's motion to amend until plaintiff submitted a proposed amended complaint.  (Dkt. 55). On September 12, 2008, plaintiff submitted a proposed

amended complaint for the Court's consideration. (Dkt. 56). The Court then invited defendants to provide supplemental responses to plaintiff's motion to amend, based on plaintiff's proposed amended complaint, by September 26, 2008. (Dkt. 57). Defendant Caruso took no position on the proposed amendment, given that it contained no allegations against her. (Dkt. 58). On October 2, 2008, the undersigned granted plaintiff's motion to amend the complaint, in part. (Dkt. 62). On August 18, 2008, plaintiff filed a response to the motion to dismiss, stating that he had mistakenly identified defendant Caruso as a party and wished to withdraw his complaint against her. (Dkt. 53).

## II. DISCUSSION AND RECOMMENDATION

As a general rule, a motion to dismiss would be rendered moot once a plaintiff has an amended complaint on record. *See e.g.*, *Williams v. Kelly*, 2007 WL 2951303, *1 (E.D. Mich. 2007) (Defendants' motion to dismiss denied as moot where the complaint to which it was directed had been superseded by an amended complaint.). The present circumstances are slightly different and somewhat unusual because the amended complaint actually contains no allegations against defendant Caruso and because plaintiff has agreed to withdraw his claims against her. Given these facts, the undersigned **RECOMMENDS** that the merits of defendant's motion to dismiss need not be addressed, that defendant

Caruso's motion to dismiss be **DENIED** as **MOOT**, and that defendant Caruso be **DISMISSED** from this matter.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response must not exceed 20 pages in length unless such page limit is extended by the Court.  The response must address specifically, and in the same order raised, each issue contained within the

objections by motion and order.  If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

| | |
|---|---|
| Date: January 20, 2009 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on January 20, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Ronald W. Chapman, Kimberly A. Koester, and Mark V. Schoen, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Robert Vickery, # 324695, 2510 Vanness Street, Port Huron, MI 48060.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov
