UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT VICKERY,

       Plaintiff,                          Case No. 07-13419
                                              HON. GEORGE CARAM STEEH

vs.

RUSSELL ERIC ALLWOOD, *et al.*,

       Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS [Dkt.#s 114, 116]

### I. INTRODUCTION

On April 29, 2010, Magistrate Judge Michael Hluchaniuk issued a report and recommendation, recommending that the court grant the motions to dismiss filed by Correctional Medical Services (CMS) and the Michigan Department of Corrections (MDOC), dismiss plaintiff's 42 U.S.C. § 1983 claim with prejudice, and dismiss his state law claims without prejudice. Plaintiff, Robert Vickery, and CMS filed timely objections to the report and recommendation. Dkt. Nos. (135, 136) and CMS filed a response to Vickery's objection. This order is entered pursuant to 28 U.S.C. § 636(b)(1)(c), which states that a "judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations

-1-

made by the magistrate." 28 U.S.C. §636(b)(1)(C). This court accepts the Magistrate Judge's recommendation in part and modifies it in part.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The circumstances underlying this lawsuit have been set forth in previous opinions and orders, and will be reiterated only to the extent necessary to adjudicate the instant objections resolving outstanding issues in the motions to dismiss. Throughout the time period during which Vickery's claims arose, he was in the custody of the MDOC as an inmate at the Mid-Michigan Correctional Facility. The MDOC contracts with CMS to provide medical care to inmates in its custody. On December 1, 2006, Vickery allegedly sustained back and neck injuries after he and defendant Russell Eric Allwood, a transportation officer for the MDOC, were involved in an automobile accident. Vickery alleges that this accident was the result of Allwood's negligence. He further alleges that Allwood failed to seek medical care for Vickery at the scene, and that in the weeks and months following the accident, CMS and the MDOC denied him necessary medical care, including diagnostic testing. He has since been diagnosed with post-concussion syndrome.

Vickery filed his second amended complaint on October 16, 2009. The second amended complaint names Allwood, the MDOC and CMS as defendants. Vickery raises the following claims in the second amended complaint: Denial of civil rights under 42 U.S.C. § 1983 against both CMS and MDOC, count I; negligence and gross negligence against CMS, count II; gross negligence against Allwood, count III; automobile negligence in accordance of governmental immunity pursuant to MICH. COMP. LAWS § 691.1405 against MDOC and Allwood, count IV; wrongful denial of first party no-fault benefits against MDOC, count V; conspiracy against CMS and MDOC, count VI; breach of contract, third party

beneficiary against CMS and MDOC, count VII.

Defendant CMS filed a motion to dismiss on January 14, 2010 and the MDOC filed its motion to dismiss on January 11, 2010. On February 4, 2010, the plaintiff filed responses to both motions to dismiss. CMS filed a reply on February 17, 2010. A hearing was held on March 18, 2010 before Magistrate Judge Hluchaniuk. With the permission of the court, CMS filed a supplemental brief in support of its motion to dismiss on March 30, 2010. Magistrate Judge Hluchaniuk filed his report and recommendation on April 29, 2010.

### III. CMS' MOTION TO DISMISS

Vickery objects to the Magistrate Judge's description of his claims against CMS and the MDOC. Vickery asserts that his § 1983 claim is not based on a cost-cutting policy between CMS and MDOC as suggested by the Magistrate Judge, but rather on the denial of proper medical treatment. Vickery argues that his allegations of a cost-cutting policy relate to his state law claim of conspiracy.

Claims regarding the denial of proper medical treatment are cognizable under §1983, as "fundamental fairness and our most basic conception of due process mandate that medical care be provided to one who is incarcerated and may be suffering from serious illness or injury[,]" and a person who is deprived of such care when in the custody of the state had been deprived under color of law. *Fitzke v. Shappell*, 468 F. 2d 1072, 1076 (6th Cir. 1972). Such claims against correctional facilities, however, are subject to the requirements of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997 *et seq*. The PLRA requires that Vickery fully exhaust available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a). Whether Vickery's claim alleges denial

of proper medical care, or an improper policy, pattern or practice relating to cost-cutting efforts, exhaustion of his administrative remedies must be considered prior to review on the merits of his claim.

The court agrees with the Magistrate Judge's conclusion that plaintiff cannot establish that he exhausted his administrative remedies because he failed to provide reasonable notice to CMS that his grievance was related to CMS' failure to provide medical care based on a cost-cutting policy. *See Bell v. Konteh*, 450 F. 3d 651, 654 (6th Cir. 2006) ("[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.") Plaintiff's attempt to alter his claim, arguing that his claim is related solely to the denial of medical care does not save his claim from dismissal. Even if plaintiff had exhausted his claim as he now presents it to the court, it would nonetheless be dismissed on the basis that he failed to state a claim upon which relief may be granted. This very concept is integral to CMS' objection.

CMS objects to the Magistrate Judge's failure to address its argument that Vickery failed to state a claim upon which relief may be granted under 42 U.S.C. §1983 because claims against a government contractor, such as CMS, must allege a policy, practice or procedure which, through its execution, resulted in injury to the plaintiff. As a private entity that "contracts [with the state] to perform traditional state functions," CMS is amendable to suit under §1983." *Johnson v. Karnes*, 398 F. 3d 868, 877 (6th Cir. 2005). CMS correctly notes that to the extent plaintiff's claim requires application of *respondeat superior*, such a theory is unavailable under § 1983. *See Street v. Corrections Corp. of Am.*, 102 F.3d

810, 817-18 n. 11 (6th Cir. 1996) (publicly held corporation that runs detention facility pursuant to a contract with the government cannot be held vicariously liable for the actions of its employee without allegations that the employee's conduct was attributable to a policy or custom of the corporation.)

CMS submits that plaintiff failed to allege injuries or damages stemming form CMS' execution of an unconstitutional policy, practice or procedure as required by *Monell v. Dep't of Social Services of New York City*, 436 U.S. 658 (1978) and its progeny. The court agrees. Vickery has failed to state a claim upon which relief may be granted in accordance with the requirements defined by the *Monell* court. The second amended complaint is devoid of any allegation that the execution of a purported policy, practice or procedure of CMS resulted in the violation of plaintiff's Eighth Amendment rights. Further, plaintiff's objection verifies the absence of such allegations, as he argues that the cost-cutting policy allegations contained within the second amended complaint relate to his conspiracy claim under State law, rather than his §1983 claim. Therefore, plaintiff's § 1983 claim against CMS is dismissed for his failure to state a claim upon which relief may be granted. The court adopts that portion of the report and recommendation which concludes that plaintiff's claim against CMS is unexhausted under 42 U.S.C. § 1997e(a). The court also modifies the report and recommendation and concludes that, even if plaintiff had exhausted his administrative remedies as required under § 1997e(a), his failure to state a claim upon which relief may be granted subjects his §1983 claim to dismissal.

IV.  MDOC'S MOTION TO DISMISS

The Magistrate Judge also recommended dismissal of plaintiff's § 1983 claim against the MDOC for plaintiff's failure to exhaust his administrative remedies. Plaintiff makes the same objection in regard to the Magistrate Judge's recommendation to grant MDOC's motion to dismiss, specifically that his § 1983 claim against MDOC relates to the alleged denial of proper medical care rather than a custom or practice of the MDOC to cut medical care costs.

The court finds that the claims against the MDOC are barred pursuant to Eleventh Amendment immunity, therefore Vickery's objection to the Magistrate Judge's alleged misidentification of his § 1983 claim is irrelevant to the resolution of whether plaintiff's § 1983 claim against the MDOC should be dismissed. In fact, the MDOC rested its motion to dismiss on Eleventh Amendment grounds, rather than relying on an absence of exhaustion of administrative remedies. It is well-established that, absent consent, the Eleventh Amendment bars an action "when the action is 'in essence one for the recovery of money from the state [and] the state is the real, substantial party in interest.'" *Skinner v. Govorchin*, 463 F. 3d 518, 524 (6th Cir. 2006) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Where successful litigation against a state-run prison system would mean that damages would be drawn from the state's coffers, the state and its prison system enjoy immunity from suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Sixth Circuit has specifically held that "the MDOC, as an arm of the State of Michigan, is entitled to sovereign immunity." *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). "The Eleventh Amendment bars a suit against a state in federal court unless the state waived its sovereign immunity or unequivocally consents to be sued." *Id*. The State of Michigan has neither waived its right to sovereign immunity nor has it consented

to suit. *Id.* MDOC is not amenable to suit under § 1983. Vickery's § 1983 claim against the MDOC is barred by the Eleventh Amendment and is dismissed.

## V. CLAIMS UNDER MICHIGAN LAW

The court accepts the Magistrate Judge's recommendation as to plaintiff's state law claims filed against the MDOC and Allwood. Supplemental jurisdiction over state law claims should be declined when all federal claims are dismissed before trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

## VI. CONCLUSION

For the reasons set forth above, Magistrate Judge Hluchaniuk's April 29, 2010 report and recommendation is accepted and adopted in part and modified in part. Both CMS' and MDOC's motions to dismiss are GRANTED. In light of the dismissal of the single federal claim alleged in the second amended complaint, the court declines to exercise supplemental jurisdiction over the state law claims.

Plaintiff's § 1983 claim against CMS and MDOC (count I) is dismissed and the remainder of his claims (counts II through VII) are dismissed without prejudice.

SO ORDERED.

Dated: July 6, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 6, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk